34 So.2d 228

## EVANS v. STATE.

### 8 Div. 632.

Court of Appeals of Alabama.
March 2, 1948.

H. T. Foster, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for having in possession, etc., a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, this appeal was taken.

The indictment was proper in form and substance, therefore there was no error in the action of the court in overruling the demurrer thereto.

The evidence, without dispute, disclosed that the Sheriff of the county, accompanied by three other officers of the law, on the day in question, secreted themselves in close proximity to a complete still, at which at the time there were two large vats of beer, "ready to be run," and heard some men talking while approaching the still. When said men, three in number, got to the still, they each had fire wood on their shoulders; the defendant was in front; he was captured and arrested at the still. The two other men in the rear dropped their wood and escaped. These facts, coupled with other testimony of like import, were sufficient to establish the corpus delicti. The defendant, after full and complete predicate, confessed that the still was his, but declined to give the names of the two men who had escaped. The aforesaid evidence was ample to carry the case to the jury.

The defendant admitted he had the wood on his shoulder when he reached the still, but denied he had admitted to the four officers that the still belonged to him.

This conflict presented the question of his guilt or innocence for the jury to consider and determine. We are clear to the conclusion that the evidence adduced upon the trial was sufficient to support the verdict of the jury and sustain the judgment of conviction pronounced and entered.

No exception, worthy of discussion, was reserved to any ruling of the court.

The written charges refused to defendant were so refused without error.

Affirmed.